IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-498-FL

| | |
|---|---|
| ANN MARIE MCMILLIAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER H.L. WHITE Raleigh Police )<br>Dept., )<br>)<br>Defendant.[1] ) | ORDER |

This matter is before the court upon defendant's motion for summary judgment (DE 34). Plaintiff was notified of the right to respond and has not responded. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action by motion to proceed in forma pauperis on October 2, 2017, asserting that defendant, as a police officer with the Raleigh Police Department, allegedly arrested her and detained her without probable cause on December 27, 2014. The court granted plaintiff's motion to proceed in forma pauperis, on February 27, 2018. Upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the court allowed plaintiff to proceed with claims against defendant in his individual capacity pursuant to 42 U.S.C. § 1983, on the basis of claims arising under the Fourth and Fourteenth Amendment to the United States Constitution, and the court dismissed claims against defendant in his official capacity.

---

[1] The court constructively has amended the caption of this order to reflect dismissal of prior named defendant City of Raleigh.

Defendant filed the instant motion for summary judgment on July 1, 2019, asserting that he was not on duty at the time of the alleged incident. Defendant relies upon a statement of material facts, as well as the following exhibits: 1) his declaration; 2) time and payroll records; 3) declaration of Denise Pickover ("Pickover"), payroll and accounts payable manager for the City of Raleigh; and 4) defendant's interrogatory responses. The court notified plaintiff on July 2, 2019, of the right to respond to the instant motion and consequences of failure to respond.

## STATEMENT OF UNDISPUTED FACTS

Defendant was employed by the City of Raleigh Police Department ("RPD") from April 16, 2012 until June 26, 2016. (Def's Stmt. of Material Facts ¶ 1). Defendant was on duty on December 24 and December 25, 2014. (Id. ¶ 6). Defendant was not on duty on December 27, 2014. (Id. ¶ 7). Rather, on December 26, 2014, defendant traveled to Gastonia, North Carolina, where he stayed overnight with family. (Id. ¶ 8). Then, defendant traveled to Simpsonville, South Carolina, where he stayed overnight on December 27, 2014. (Id.). Accordingly, defendant had no contact or interaction with plaintiff on the date of the alleged unlawful arrest of plaintiff on December 27, 2014. (Id. ¶¶ 17-18). Defendant has no knowledge regarding whether any RPD officer interacted with plaintiff in any way on December 27, 2014. (Id. ¶ 16).

## COURT'S DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would

3

necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B. Analysis

Under 42 U.S.C. § 1983, "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." Here, defendant has met the burden of coming forward and demonstrating an absence of a genuine issue of material fact on an essential element of plaintiff's claim under § 1983. Celotex Corp., 477 U.S. at 323. Specifically, defendant took no action to cause any deprivation of rights of plaintiff. (See Def's Stmt. of Material Facts ¶¶ 7-8, 16-18). Where plaintiff has not responded in opposition to defendant's motion, plaintiff has not met her burden of setting forth "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 325. Therefore, summary judgment must be granted in favor of defendant.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 34) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 4th day of November, 2019.

LOUISE W. FLANAGAN
United States District Judge